### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNST VALERY, on Behalf of Himself, and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY; and WELLS FARGO BANK, N.A.,<br><br>        Defendants. | Case No.: 1:21-cv-05464-JPO |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
WELLS FARGO & COMPANY AND WELLS FARGO BANK, N.A.'S
<u>UPDATED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

**MCGUIREWOODS LLP**
1251 Avenue of Americas
20th Floor
New York, NY 10020-1104
Telephone: 212.548.2100
Facsimile: 212.548.2150

Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

**MUNGER TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone: 415.512.4082
Facsimile: 415.699.6982

*Counsel for Defendants Wells Fargo & Company
and Wells Fargo Bank, N.A.*

## <u>TABLE OF CONTENTS</u>

**Page**

I.    PRELIMINARY STATEMENT ...................................................................... 1

II.   ARGUMENTS................................................................................................ 1

    A.    Plaintiff Cannot Bring California State Law Claims Under New York
          Choice-of-Law. .................................................................................... 1

    B.    Plaintiff Fails to State Viable Unruh Act and UCL Claims.................................. 3

         1.    Plaintiff Fails to State a Viable Unruh Act Claim. .................................... 3

         2.    Plaintiff Similarly Fails to State a Viable UCL Claim. ............................ 5

    C.    Wells Fargo & Company is Not a Proper Defendant to this Action...................... 6

III.  CONCLUSION............................................................................................... 8

i

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*ABB, Inc. v. Havtech, LLC*,
    176 A.D.3d 580 (1st Dep't 2019) ............................................................. 2

*Archibald v. Cinerama Hawaiian Hotels, Inc.*,
    73 Cal. App. 3d 152 (1977) ..................................................................... 4

*Baby Phat Holding Co., LLC v. Kellwood Co.*,
    997 N.Y.S.2d 67 (2014) ........................................................................... 7

*Canon U.S.A. v. Cavin's Business Solutions, Inc.*,
    208 F. Supp. 3d 494 (E.D.N.Y. 2016) ..................................................... 2

*Capstone Logistics Holdings, Inc. v. Navarrete*,
    No. 17-CV-4819 (GBD), 2018 WL 6786338 (S.D.N.Y. Oct. 25, 2018) ................................. 2

*Earll v. eBay, Inc.*,
    No. 5:11-cv-00262-JF HRL, 2011 WL 3955485 (N.D. Cal. Sept. 7, 2011) ............................ 4

*Ehret v. Uber Techs., Inc.*,
    68 F. Supp. 3d 1121 (N.D. Cal. 2014) ..................................................... 3

*Fell v. Chandris Lines, Inc., No. 85 CIV. 7012-CSH*,
    1985 WL 4832 (S.D.N.Y. Dec. 27, 1985) ............................................... 8

*Gross v. Symantec Corp.*,
    No. 12–cv-00154 CRB, 2012 WL 3116158 (N.D. Cal. July 31, 2012) ................................ 5, 6

*Ice Cream Distributors of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*,
    C–09–5815 CW, 2010 WL 3619884 (N.D.Cal. Sept. 10, 2010), *aff'd*, 487
    Fed.Appx. 362 (9th Cir.2012) ................................................................. 5

*Juarez v. 449 Rest., Inc.*,
    29 F. Supp. 3d 363 (S.D.N.Y. 2014) ....................................................... 7

*Keum v. Virgin Am. Inc.*,
    781 F. Supp. 2d 944 (N.D. Cal. 2011) ..................................................... 3

*Maggiulli v. Wells Fargo & Co.*,
    No. EDCV 18-374-GW(SHKX), 2018 WL 2021435 (C.D. Cal. Apr. 26, 2018) .................. 7, 8

*McCabe v. General Foods Corp.*,
    811 F.2d 1336 (9th Cir. 1987) ................................................................. 8

*Ministers & Missionaries Benefit Bd. v. Snow*,
    26 N.Y.3d 466 (2015) ........................................................................................2

*Perez v. Wells Fargo & Co.*,
    2017 WL 3314797 (N.D. Cal. Aug. 3, 2017) ...........................................................4

*Strojnik v. Resort at Indian Springs, LLC*,
    No. 19-CV-04616-SVK, 2019 WL 6913039 (N.D. Cal. Dec. 19, 2019) ...........................3, 4

*Sullivan v. Oracle Corp.*,
    254 P.3d 237 (2011) ........................................................................................5

*Tat Tohumculuk, A.S. v. H.J. Heinz Co.*,
    No. CIV 13-0773 WBS KJN, 2013 WL 6070483 (E.D. Cal. Nov. 14, 2013) ........................3

*TGG Ultimate Holdings, Inc. v. Hollett*,
    No. 16 Civ. 6289 (VM), 2017 WL 1019506 (S.D.N.Y. Feb. 24, 2017) ..............................2

*Tidenberg v. Bidz.com, Inc.*,
    No. 08–5553, 2009 WL 605249 (C.D.Cal. Mar.4, 2009) ...........................................6

*United States v. Bestfoods*,
    524 U.S. 51 (1998) ..........................................................................................6

*Wilkinson v. Wells Fargo Bank, N.A.*,
    No. 3:19-CV-00580-RJC, 2020 WL 2542867 (W.D.N.C. May 19, 2020) .........................7

*Willis Re Inc. v. Herriott*,
    550 F. Supp. 3d 68 (S.D.N.Y. 2021) ...................................................................2

**Statutes**

California Unfair Competition Law........................................................................1, 2, 3, 5, 6, 8

California Unruh Civil Rights Act ........................................................................1, 3, 4, 8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)........................................................................................8

## I.      PRELIMINARY STATEMENT

Plaintiff Ernst Valery's ("Plaintiff") Opposition to Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.'s (collectively, "Wells Fargo" or the "Bank") Updated Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss") confirms that Plaintiff cannot bring California state law claims because the parties' express choice-of-law is New York law. Moreover, Plaintiff's California Unruh Act and UCL claims must also be dismissed because those statutes do not apply to discrimination that occurs outside of California. Likewise, Plaintiff's claims against Wells Fargo Bank, N.A.'s ("WFB") parent company—Wells Fargo & Co. ("WFC")—should similarly be dismissed because he alleges no wrongful conduct by that entity.

Plaintiff's Opposition provides no compelling arguments or authority to the contrary. First, Plaintiff's argument that he can bring California state law claims in New York is based on a misstatement of the applicable choice-of-law principles. Second, he ignores settled case law holding that the Unruh Act and UCL apply only to discrimination that occurs within California. Third, Plaintiff requests this Court ignore clear precedent holding that a parent company and its subsidiary will be treated as two separate legal entities based upon an attenuated argument that he planned to deposit the proceeds from his check with Wells Fargo Advisors, a trade name used by a yet a third legal entity. As a result, Plaintiff's claims for violation of the Unruh Act and UCL should be dismissed and the Second Amended Complaint should be dismissed in its entirety as to WFC, with prejudice.

## II.     ARGUMENTS

### A.  Plaintiff Cannot Bring California State Law Claims Under New York Choice-of-Law.

In an effort to salvage his Unruh Act and UCL claims, Plaintiff argues that New York conflict-of-law principles properly applied do not bar his California state law claims. Opp. at 6 n.1. However, Plaintiff misstates the controlling choice-of-law principles.

Plaintiff admits that New York law applies. Yet Plaintiff argues that his Unruh Act and UCL claims are still viable under New York's conflict-of-law principles because (1) he claims

California has a materially greater interest in the dispute; and (2) he argues application of New York law would contravene a fundamental California policy. *Id.* (citing *TGG Ultimate Holdings, Inc. v. Hollett*, No. 16 Civ. 6289 (VM), 2017 WL 1019506, at *3 (S.D.N.Y. Feb. 24, 2017)). However, Plaintiff misstates the controlling law on this issue. Rather, this Court should not engage in any conflicts analysis where the parties included a choice-of-law provision in their contract (here, New York). *Ministers & Missionaries Benefit Bd. v. Snow*, 26 N.Y.3d 466, 474 (2015) ("New York courts should not engage in any conflicts analysis where the parties include a choice-of-law provision in their contract."); *ABB, Inc. v. Havtech, LLC*, 176 A.D.3d 580, 581 (1st Dep't 2019) ("We reject defendant's argument that we are required to consider the public policy concerns of the Maryland Dealer Act in determining this dispute."); *Willis Re Inc. v. Herriott*, 550 F. Supp. 3d 68, 91-93, n. 20 (S.D.N.Y. 2021) (rejecting application of conflict of law principles to invalidate choice of law clause since the argument was "based on an incorrect understanding of New York law as it exists today."). Further, there is reason to question whether Plaintiff's articulation of the applicable conflict of law principle is even accurate. *See Herriott*, 550 F. Supp. 3d at 92 ("At most, … New York courts consider whether application of a contractual choice-of-law provision would violate the public policy of *New York*. (emphasis in original) (citing *Capstone Logistics Holdings, Inc. v. Navarrete*, No. 17-CV-4819 (GBD), 2018 WL 6786338, at *20-22 (S.D.N.Y. Oct. 25, 2018))).

Moreover, even if Plaintiff's articulation of the legal standard were correct (and it is not), he has not shown that application of New York law, which has its own set of antidiscrimination and consumer protection laws, would upset a fundamental policy of California. *See Canon U.S.A. v. Cavin's Business Solutions, Inc.*, 208 F. Supp. 3d 494, 505 (E.D.N.Y. 2016) ("In the Court's view, the enforcement of a choice-of-law provision that would apply a narrower consumer

protection or deceptive trade practices statute does not amount to a violation of a fundamental public policy of another, more interested jurisdiction."). Thus, New York law must govern.

**B.  Plaintiff Fails to State Viable Unruh Act and UCL Claims**

Plaintiff's Unruh Act and UCL claims should be dismissed for the additional reason that neither statute applies to actions that take place outside California.

**1.  Plaintiff Fails to State a Viable Unruh Act Claim.**

Plaintiff's Unruh Act claim must be dismissed as the statute does not apply to discrimination that takes place outside California. As alleged in the Second Amended Complaint, Plaintiff is a resident of Maryland and the allegedly discriminatory conduct occurred in Maryland. SAC, ¶¶ 4, 9. Thus, the Unruh Act is inapplicable.

As Wells Fargo's Motion to Dismiss establishes, "California's Supreme Court has made clear that there is a strong presumption against the extra-territorial application of California law." *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1129–30 (N.D. Cal. 2014). Indeed, this presumption has continuously been applied and upheld in the context of the Unruh Act. *Keum v. Virgin Am. Inc.*, 781 F. Supp. 2d 944, 955 (N.D. Cal. 2011) (dismissing Unruh Act claim because "[t]he Unruh Act only applies to discrimination that takes place within California's jurisdiction."); *Strojnik v. Resort at Indian Springs, LLC*, No. 19-CV-04616-SVK, 2019 WL 6913039, at *7 (N.D. Cal. Dec. 19, 2019). Based on its "limited geographic scope," courts have rejected the application of the Unruh Act in actions involving out-of-state conduct that attempt to allege discrimination originating from company culture or approval based in California—like Plaintiff's allegations here. *See Tat Tohumculuk, A.S. v. H.J. Heinz Co.*, No. CIV 13-0773 WBS KJN, 2013 WL 6070483, at *7 (E.D. Cal. Nov. 14, 2013) (the court stated it was unaware of any case applying Unruh Act to alleged discrimination suffered by parties outside California and rejected the allegation that Unruh Act applies when discrimination was approved by the defendant's officer in California).

Plaintiff's efforts to distinguish this extensive authority fail. Plaintiff, a Maryland resident complaining about actions taken by Wells Fargo at a Baltimore, Maryland bank branch, suggests the Unruh Act would still somehow apply because Plaintiff has some unrelated connection to

California. Opp. at 4-5. Plaintiff rests his assertion on *Earll v. eBay, Inc.*, No. 5:11-cv-00262-JF HRL, 2011 WL 3955485, at *2 (N.D. Cal. Sept. 7, 2011). However, *Earll* is easily distinguishable from this case. In *Earll*, the court held that public policy favored allowing the plaintiff, a Missouri resident, to pursue her state law claims in California because *eBay had transferred the case from Missouri to California*, and, in moving to transfer venue, eBay relied on language in the forum selection clause which provided the agreement would be governed by California law. *Id.* Here, the opposite has occurred: the United States District Court, Northern District of California recently granted Wells Fargo's Motion to Transfer this matter out of California and to this Court pursuant to the applicable forum selection clause. *See* ECF No. 70. That same account agreement sets forth that the applicable choice-of-law is New York based upon the account opening. Thus, Plaintiff's reliance on *Earll* is misplaced.

Plaintiff's references to *Strojnik v. Resort at Indian Springs, LLC*, 2019 WL 6913039, *6-*7 (N.D. Cal. Dec. 19, 2019) and *Perez v. Wells Fargo & Co.*, 2017 WL 3314797, *6-7 (N.D. Cal. Aug. 3, 2017) are equally unavailing. Plaintiff states that neither *Strojnik* nor *Perez* "categorically held that a nonresident is barred from stating an Unruh Act claim . . . ." Opp. at 4. But this is not the relevant question. Those courts very clearly held that the Unruh Act is expressly limited to discrimination that **takes place within California's borders**. *Strojnik*, 2019 WL 6913039 (reasoning that Section 51(b) "is expressly limited to discrimination that takes place within California's borders.") (internal citations omitted); *Perez*, 2017 WL 3314797 (dismissing Unruh Act claim brought on behalf of plaintiff residing in Texas who applied for and was denied credit in Texas by a bank headquartered in California because the alleged discrimination occurred outside of California) (citing *Archibald v. Cinerama Hawaiian Hotels, Inc.*, 73 Cal. App. 3d 152, 159 (1977) (holding the Unruh Act "by its express language applies only within California")). As applied here, this authority precludes Plaintiff from asserting a viable Unruh Act claim as the alleged discrimination occurred outside California's borders. Plaintiff's unrelated references to his business do not change the outcome.

The Court should follow the overwhelming authority and dismiss Plaintiff's Unruh Act

claim because the alleged discriminatory conduct occurred outside of California.

### 2.   Plaintiff Similarly Fails to State a Viable UCL Claim.

Plaintiff's UCL claim likewise fails because "the UCL does not apply to ***actions*** occurring outside of California that injure non-residents." *Ice Cream Distributors of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.,* C–09–5815 CW, 2010 WL 3619884, at *8 (N.D.Cal. Sept. 10, 2010), *aff'd*, 487 Fed.Appx. 362 (9th Cir.2012) (emphasis added). As set forth above, Plaintiff is a Maryland resident and the purported discriminatory conduct occurred in Maryland. SAC, ¶ 4. Thus, the UCL is inapplicable.

Plaintiff incorrectly argues that pursuant to *Gross v. Symantec Corp.*, he has stated a valid California state-law UCL claim. *Gross v. Symantec Corp.*, No. 12–cv-00154 CRB, 2012 WL 3116158, at *7 (N.D. Cal. July 31, 2012). But, as stated in *Gross*, the "location of the alleged misconduct giving rise to liability controls application of UCL…" *Id*. at *6. Indeed, the court in *Gross* dismissed plaintiff's UCL claim, finding that although it alleged "generally that [defendant] runs its business in California, it is nevertheless deficient because it fails to allege the state in which [defendant's] fraudulent conduct occurred." *Id*. at *8. The court further stated that, to take advantage of California state law, plaintiffs must point to particular proof that the policies and decisions regarding the alleged misrepresentation emanated from California. *Id*. at *7 (inference of human resources, customer service and accounting department's location in California was not enough to merit UCL application when the alleged misconduct directly implicated marketing and sales). *See also Sullivan v. Oracle Corp.*, 254 P.3d 237, 248–49 (2011) (employer's decision made in California headquarters to adopt an erroneous policy under FLSA does not justify applying UCL to nonresident plaintiff's FLSA claims for overtime worked in other states). Plaintiff fails to do so here. Similar to *Gross* and *Sullivan*, Plaintiff's conclusory allegations regarding Wells Fargo's headquarters located in California do not justify UCL application.

While the plaintiff in *Gross* did not specify the state in which the allegations occurred, Plaintiff here explicitly alleges in the Second Amended Complaint where the purported discriminatory conduct giving rise to the liability occurred: Baltimore, Maryland. SAC, ¶ 4.

Plaintiff makes vague assertions regarding a "culture of racism" that allegedly emanated from "conduct and decisions undertaken at the bank's San Francisco headquarters" in an attempt to justify the application of California law. SAC, ¶ 6. However, this is not the inquiry. It is where the discrimination occurred, and Plaintiff alleges the discrimination was by the manager. *Id.* at ¶ 4. Plaintiff does not allege any actual conduct or decisions made in California that have any connection to the attempted deposit of Plaintiff's check. *See Tidenberg v. Bidz.com, Inc.,* No. 08–5553, 2009 WL 605249, at \*4–5 (C.D.Cal. Mar.4, 2009) (plaintiffs residing in Texas lacked standing under the UCL to bring suit against a California-based company because, absent "any specific facts linking [d]efendants' contacts with California to the claims asserted against them," the court cannot "presume that any false or misleading statements emanated from California"). Because all of the alleged *relevant* alleged conduct occurred in Maryland, Plaintiff's claim under the UCL should be dismissed with prejudice.

### C.  Wells Fargo & Company is Not a Proper Defendant to this Action.

Plaintiff has failed to state any viable claims against WFC. Plaintiff's claims arise from allegations that he was unable to deposit a $3 million tax credit payment into his Wells Fargo Bank, N.A. account on October 9, 2020, at a bank branch located in Baltimore, Maryland. SAC, ¶ 4. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)(internal quotations and citation omitted). To state a direct claim against WFC, Plaintiff must allege that the parent entity ***itself*** engaged in conduct directed towards Plaintiff or ***itself*** played a role in the refusal to deposit Plaintiff's check, which Plaintiff has not done. Because Plaintiff fails to assert any claims directly against WFC, Plaintiff may assert claims seeking to hold WFC liable for WFB's alleged actions *only if* the Second Amended Complaint alleges facts that would provide a legal basis to disregard the entities' corporate separateness. Plaintiff has failed to do so.

Plaintiffs are required to allege two elements in order to state a claim for alter-ego liability. The first element is "complete domination of the corporation . . . in respect to the transaction

attacked." *Baby Phat Holding Co., LLC v. Kellwood Co*., 997 N.Y.S.2d 67, 70 (2014). The second element is that "such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Id.*

In this case, there are *no allegations* that either element is at play. Plaintiff's only allegation that WFC is a proper party is that Plaintiff "reasonably believed that the Wells Fargo employees he was interacting with were jointly employed by Wells Fargo & Company and Wells Fargo Bank, N.A." SAC, ¶ 12. However, this allegation has no bearing on the viability of Plaintiff's claims. In fact, the Second Amended Complaint is devoid of any allegations supporting an alter-ego theory as to WFC. Moreover, this Court can take judicial notice that WFC is merely a holding company— which does not itself provide banking services. *See* MTD at 7.

Similarly, Plaintiff's allegation that he was planning to transfer the proceeds of the deposit to Wells Fargo Advisors' wealth management services is of no consequence. Opp. at 6. Indeed, Wells Fargo Advisors is merely a trade name used by Wells Fargo Clearing Services, LLC and Wells Fargo Advisors Financial Network, LLC—entities separate from WFC. *See Wilkinson v. Wells Fargo Bank, N.A.*, No. 3:19-CV-00580-RJC, 2020 WL 2542867, at *5 (W.D.N.C. May 19, 2020) (noting that Wells Fargo Advisors is a trade name used by Wells Fargo Clearing Services, LLC).

In further support of his argument, Plaintiff cites cases[1] that apply the "integrated enterprise" test to determine whether the parent and the subsidiary constitute an "integrated enterprise." *See e.g., Maggiulli v. Wells Fargo & Co*., No. EDCV 18-374-GW(SHKX), 2018 WL 2021435, at *3 (C.D. Cal. Apr. 26, 2018). However, courts apply the "integrated enterprise" test specifically for labor or employment cases to determine whether close entities should be treated as a single employer for Fair Labor Standard Act purposes. *Juarez v. 449 Rest., Inc.,* 29 F. Supp. 3d

---

[1] Without explanation, Plaintiff continues to cite cases from the United States District Court for the Central District of California on this point; however, these cases are not controlling here.

363, 367 (S.D.N.Y. 2014). The test is inapplicable here, as this is neither a labor nor an employment dispute.

In addition, Plaintiff overstates the holding in *Maggiulli*. Opp. at 6-7. In *Maggiulli*, the court analyzed whether WFC was fraudulently joined to the case, and the court found that WFC had the burden of proving fraudulent joinder. *Maggiulli*, 2018 WL 2021435 at *4. As a rule, if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Fell v. Chandris Lines, Inc., No. 85 CIV. 7012-CSH*, 1985 WL 4832, at *1 (S.D.N.Y. Dec. 27, 1985). In *Maggiulli*, the court held:

> "Defendants seem to misunderstand the burden they face in establishing fraudulent joinder and the nature of the Court's present inquiry. The present pre-discovery evidentiary record does not mean all that much, as the question is not whether Plaintiff has already proven that WFB and WFC are an integrated enterprise, but whether it is ***possible*** for Plaintiff to state a claim against WFC under that theory."

*Id.* at *4 (emphasis added). Here, the Court is not analyzing whether WFC was fraudulently joined, or whether it is ***possible*** for Plaintiff to state a claim against WFC. Instead, the Court must analyze whether Plaintiff has sufficiently stated a claim against WFC under Rule 12(b)(6) based on the allegations in the Second Amended Complaint—which he has not.

In this case, there are *no allegations* against WFC that could subject it to liability under the claims asserted. Accordingly, WFC is an improper party to this lawsuit, and the claims against it should be dismissed with prejudice.

## III.   CONCLUSION

For the reasons set forth above and in Wells Fargo's Motion to Dismiss, Plaintiff's claims for violation of the Unruh Act and UCL should be dismissed and the Second Amended Complaint should be dismissed in its entirety as to WFC, with prejudice.

Dated: April 11, 2022

MCGUIREWOODS LLP

/s/ Alicia Baiardo
McGuireWoods LLP
Alicia Baiardo *(admitted via pro hac vice)*
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922
abaiardo@mcguirewoods.com

**MUNGER TOLLES & OLSON LLP**
David H. Fry *(admitted via pro hac vice)*
560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone: 415.512.4082
Facsimile: 415.699.6982

*Attorneys for Defendants Wells Fargo &
Company and Wells Fargo Bank, N.A.*

TO: Counsel of Record (Via ECF)