**B E C K   &   L E E**
**t r i a l   l a w y e r s   m i a m i**

8306 Mills Drive, #248
Miami, Florida 33183

Tel: 305-234-2060
Fax: 786-664-3334
www.beckandlee.com

May 12, 2023

**Via CMECF**

Honorable J. Paul Oetken
United States District Court, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Ernst Valery v. Wells Fargo & Company et. al.*, Case No. 1:21-cv-05464-JPO
             (S.D.N.Y.)

Dear Judge Oetken:

On behalf of Beck & Lee, P.A. ("Beck & Lee"), former counsel to plaintiff Ernst Valery, I write in response to Mr. Valery's letter to the Court dated May 10, 2023, by his current counsel, David Howe.

Beck & Lee opposes Mr. Valery's request to refer any issues relating to Beck & Lee's charging lien or attorneys' fees owed the firm to a magistrate of this Court.  This request contravenes the mandatory forum selection clause in the written agreement between Beck & Lee and Mr. Valery, which provides that, "**Any and all claims or dispute between Client and Firm must be brought before federal or state courts within the City of Miami, Florida**."  Indeed, pursuant to this venue provision, Beck & Lee has already filed an action against Mr. Valery to adjudicate the validity of its lien in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  A copy of the filed Complaint is enclosed for the Court's reference; the foregoing mandatory venue provision is located in paragraph 7.1 of Exhibit 1 to the Complaint.

As such, Mr. Valery's request for magistrate adjudication should be denied.  *See E. Capital Invs. Corp. v. GenTech Holdings, Inc.*, 590 F. Supp. 3d 668, 673 (S.D.N.Y. 2022) ("There is a strong public policy in favor of enforcing forum-selection clauses" (internal quotations marks and citation omitted)).

                  Very truly yours,

                  /s/ Jared H. Beck
                  Jared H. Beck, Esq.
                  *Admitted Pro Hac Vice*

Encl.
cc:    all counsel of record (via cmecf or e-mail)

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO.

BECK & LEE, P.A., a Florida corporation,

      Plaintiff,

v.

ERNST VALERY, an individual,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BECK & LEE, P.A. ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, ERNST VALERY ("Defendant"), and alleges the following:

## JURISDICTION AND VENUE

1.      This is an action for damages and declaratory relief that exceed the value of $50,000.00, exclusive of interest, court costs, and attorneys' fees.

2.      Venue is proper in this County, where a substantial part of the events relevant to this action took place and pursuant to the mandatory venue clause in the contract between the parties.  Furthermore, Plaintiff is a resident of this County.

B E C K   &   L E E
8306 Mills Drive # 248 | Miami, Florida 33183 | 305-234-2060

## PARTIES

3.      Plaintiff, Beck & Lee, P.A. is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

4.      Defendant, Ernst Valery, is an individual *sui generis*.

## FACTUAL ALLEGATIONS

5.      Defendant is a real-estate developer who purports to have developed or financed approximately one billion dollars' worth of real estate throughout the United States since 2010 through his two companies, SAA and EVI ("SAA|EVI").

6.      In late October 2020, Defendant visited Plaintiff's law office in Miami, Florida, and had a consultation with Plaintiff's principal attorneys, Jared Beck and Elizabeth Lee Beck. Defendant indicated that he had been the victim of racial discrimination while attempting to deposit a $3 million dollar check at a Wells Fargo branch in Maryland, and that he wanted to file a civil rights lawsuit.

7.       Plaintiff agreed to take Defendant's case, and on or about November 2, 2020, the parties executed a contingency-fee Agreement for Legal Representation ("Agreement").  A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

8.      Pursuant to Paragraph 5.5 of the Agreement, if Defendant's case against Wells Fargo were pursued on an individual basis, Plaintiff would be entitled to 35% of recovery and Defendant would be responsible for paying costs.

9.      Under Paragraph 7.4 of the Agreement, Defendant granted Plaintiff a lien on his causes of action, settlement or recovery regarding any claim or claims for fees and costs due Plaintiff.

10.     On December 14, 2020, Plaintiff filed a civil-rights lawsuit on Defendant's behalf against Wells Fargo in the U.S. District Court for the Northern District of California, where Wells Fargo is headquartered.

11.     On January 14, 2021, Wells Fargo retained McGuireWoods to defend it against Defendant's suit.  Defendant informed Plaintiff's principals that McGuireWoods was representing his companies on an unfinished residential real-estate project in Virginia, that Defendant's companies had already paid approximately $200,000 in legal fees to McGuireWoods, and that he had never been asked to sign a conflict waiver.  Defendant asked Plaintiff whether this posed an ethical conflict for McGuireWoods.

12.     Upon researching the issue, Plaintiff determined that McGuireWoods' conduct violated California's rule against concurrent conflicts of interest, and, on March 18, 2021, filed a motion to disqualify McGuireWoods.

13.     On April 1, 2021, Wells Fargo filed its opposition to Defendant's motion to disqualify McGuireWoods.  In the opposition, McGuireWoods asserted that it no longer represented Defendant's companies.  Defendant represented to Plaintiff that this court document was the first notice to Defendant's companies that they were no longer McGuireWoods' clients.

14.     On April 28, 2021, district court entered an order indicating that before it considered Defendant's motion to disqualify McGuireWoods, it would rule on whether Defendant's case should be transferred to the Southern District of New York pursuant to a forum selection clause between Defendant and Wells Fargo, while noting that the motion to disqualify "may have merit and may require the court to take evidence."

15.     On June 21, 2021, the district court directed transfer to the Southern District of New York.

16.     On July 16, 2021, through Plaintiff, Defendant petitioned for a writ of mandamus from the transfer order to the Ninth Circuit.  The Ninth Circuit denied the petition on October 15, 2021, and denied reconsideration en banc on January 11, 2022.

17.      Defendant asked Plaintiff whether, in addition to the motion to disqualify, his companies could file a separate action against McGuireWoods for damages caused by the law firm's abandonment of them as clients.  Upon investigation, Plaintiff agreed to represent Defendant's companies in a separate action against McGuireWoods.

18.     On behalf of his companies, SAA|EVI and St. Luke Apartments, LLC, Defendant executed a Contingent Fee Agreement with Plaintiff on November 17, 2021.  Under the Contingent Fee Agreement, Plaintiff is entitled to 33.3% of any recovery with an additional 5% if there are appellate or judgment recovery proceedings.  The Contingency Fee Agreement makes Defendants responsible for costs, including a $2,500 cost retainer, and grants Plaintiff a lien on Defendants' causes of action, settlement, or recovery regarding any claim or claims for fees and costs due Plaintiff.  A true and correct copy of the Contingency Fee Agreement is attached hereto as **Exhibit 2**.

19.     On November 18, 2021, through local counsel, Plaintiff filed a complaint on behalf of SAA|EVI and St. Luke Apartments against McGuireWoods in the Maryland circuit court for Baltimore City.

20.     In the course of litigating the Maryland action, certain case costs accrued.  As per the terms of the parties' agreement, Plaintiff advanced these costs on Defendant's behalf and then invoiced Defendant for reimbursement.

21.     On July 27, 2022, Plaintiff issued an invoice to Defendant as principal of SAA|EVI for costs in connection with the Maryland action against McGuireWoods.  These

included pro hac vice admission fees, postal and delivery fees, and fees for the services of experts retained to testify against McGuireWoods.  A true and correct copy of the invoice, totaling $26,531.12 (as well as requesting a $2,500 cost retainer replenishment) is attached hereto as **Exhibit 3**.

22.    The invoice's due date (August 31, 2022) came and went, and Defendant and his companies failed to pay it.

23.    When requested to bring the account current, Defendant became abusive and condescending and represented to Plaintiff that his companies lacked the funds to pay.

24.    When advised that refusal to pay the invoice would create an irreconcilable conflict and adversarial relationship between Plaintiff and Defendant that would necessitate Plaintiff's withdrawal from both of the pending matters, Defendant persisted in refusing to pay, in blatant violation of the parties' agreement.

25.    Plaintiff subsequently withdrew from both the Maryland and New York actions and provided notice of its lien interests to all of the parties and their counsel.

26.    On March 27, 2023, the Southern District of New York issued an order stating that, "The Court has been informed that the parties have reached a settlement in principle of this case."

27.    Despite the announcement of a settlement, no portion of Plaintiff's lien interest has been paid, nor has Plaintiff been apprised of the settlement amount, despite repeated requests.  Instead, Defendant disputes Plaintiff's lien entitlement.

28.    All conditions precedent to this action have occurred or been performed or waived.

29.     Plaintiff has been compelled to engage the undersigned attorneys and pay them a reasonable fee.

## CAUSES OF ACTION

### COUNT I

**(Declaratory Relief Regarding Plaintiff's Lien Interest Under N.Y. Judiciary Law § 475)**

30.     Plaintiff re-alleges paragraphs 1 through 29 above as if fully set forth herein.

31.     New York Judiciary Law § 475 grants a lien to an attorney who appears for a party in any New York court.

32.     There is a bona fide, actual, present practical need for a declaration regarding the validity of Plaintiff's lien interest pursuant to New York Judiciary Law § 475.

33.     The declaration sought deals with a present, ascertained and ascertainable state of facts and present controversy as to a state of facts.

34.     The rights of Plaintiff are dependent upon the facts or the law applicable to the facts.

35.     Plaintiff and Defendant have or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law, and these antagonistic and adverse interests are all before the Court by proper process.

36.     The relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiff, Beck & Lee P.A. demands declaratory relief regarding the validity and amount of its lien interest in the proceeds of Defendant's settlement with Wells Fargo along with such other and further relief as may be necessary and proper.

## COUNT II

**(Declaratory Relief Regarding Plaintiff's Lien Interest Under Florida Law)**

37.     Plaintiff re-alleges paragraphs 1 through 29 above as if fully set forth herein.

38.     The attorney-client agreement between Plaintiff and Defendant is governed by Florida law.

39.     Under Florida law, an attorney charging lien is imposed where (1) there is a contract between attorney and client; (2) an understanding that payment is either dependent upon recovery or that payment will come from the recovery; (3) an attempt to avoid payment of the fees.

40.     While each of these elements is present, Defendant persists in denying the validity of Plaintiff's charging lien and trying to avoid the payment of fees to Plaintiff.

41.     There is a bona fide, actual, present practical need for a declaration regarding the validity of Plaintiff's lien interest pursuant to Florida law.

42.     The declaration sought deals with a present, ascertained and ascertainable state of facts and present controversy as to a state of facts.

43.     The rights of Plaintiff are dependent upon the facts or the law applicable to the facts.

44.     Plaintiff and Defendant have or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law, and these antagonistic and adverse interests are all before the Court by proper process.

45.     The relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiff, Beck & Lee P.A. demands declaratory relief regarding the validity and amount of its lien interest in the proceeds of Defendant's settlement with Wells Fargo along with such other relief as may be necessary and proper.

## COUNT III

### (Breach of Contract)

46.     Plaintiff re-alleges paragraphs 1 through 29 above as if fully set forth herein.

47.     There was a valid contract between Plaintiff and Defendant relating to the litigation of Defendant's civil rights action against Wells Fargo.

48.     Defendant materially breached the contract by failing to cooperate fully with reasonable requests made to him by Plaintiff in the undertaking of the litigation.  While Defendant retained and authorized Plaintiff to file a separate action against McGuireWoods on behalf of his companies as a result of McGuireWoods' conduct in the Wells Fargo action, Defendant failed to reimburse Plaintiff for the costs of the action, as he had agreed to do, creating an adversarial relationship with his counsel and irreconcilable differences necessitating Plaintiff's withdrawal from both actions.

49.     Defendant's breach was the proximate cause of damages to Plaintiff.

WHEREFORE, Plaintiff, Beck & Lee P.A. demands judgment for compensatory damages and consequential damages along with prejudgment and post-judgment interest thereon, and prevailing party costs against Defendant, Ernst Valery.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action on all issues so triable.

DATED: May 11, 2023

RESPECTFULLY SUBMITTED,


/s/ Elizabeth Lee Beck
By: Elizabeth Lee Beck

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
8306 Mills Drive #248
Miami, Florida 33183
Telephone:     (305) 234-2060
Facsimile:     (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

Counsel for Plaintiff

# Exhibit 1

JARED H. BECK, ESQ.
ELIZABETH LEE BECK, ESQ.
BECK & LEE TRIAL LAWYERS
12485 SW 137TH AVENUE, SUITE 205
MIAMI, FLORIDA 33186
TELEPHONE: 305-234-2060
FAX: 786-664-3334
WWW.BECKANDLEE.COM

## AGREEMENT FOR LEGAL REPRESENTATION

**Mr. Ernst Valery** ("You" or "Client") hereby retains and employs **Beck & Lee Trial Lawyers** ("Firm" or "Attorneys") as counsel in a potential legal action against WELLS FARGO, NA and/or their affiliates ("Defendant"), on the following basis:

**1.   PURPOSE OF REPRESENTATION**

**1.1   The Firm's Legal Services:**   You agree that the Firm may serve as your legal counsel in connection with Defendant's banking services rendered to You (the "representation"). Such legal services may include the filing of a **class action lawsuit**.   However, Attorneys are not obligated to file suit on your behalf individually or as a class action.   The decision to bring a lawsuit shall be a joint decision between Client and Attorneys.   You also agree that you may be named as a class representative in a class action lawsuit against Defendant and/or its agents or representatives, and in such an instance will make claims on your behalf and on behalf of the public and others who may be similarly situated (the "Class").   In a class action, you sue the Defendant asserting your own claims as well as those of all other persons or entities who suffered the same general type of damages or injury as a result of Defendant's conduct.   The Court must determine whether the case will proceed as a class action.

**1.2   Additional Parties.** You and the Firm agree that during the course of representation it may become necessary or desirable to add additional plaintiff(s) and/or defendant(s) to the lawsuit. You agree that the Firm may add additional plaintiff(s) and/or defendant(s) as the Firm deems necessary or desirable.

**2.   THE DUTIES OF THE FIRM**

**2.1   Prosecution as a Class Action.**   You and the Attorneys agree that, if Attorneys choose to file a class action lawsuit, and if the Court certifies a class, the lawsuit will be prosecuted as a class action.   The Attorneys will seek to define the Class as consisting of all persons in Maryland or the United States (or some smaller portion of those persons, depending upon Attorneys' discretion or ruling of the Court) who may have rights, demand(s) or claim(s) that may be brought against Defendants in connection with this matter.

**2.2   Duties as Class Counsel.**   In a class action, the Attorneys represent not only you and the other class representatives but also all of the members of the Class.   As counsel to the Class, the Attorneys have a duty to protect the interests of all members of the Class and to act in their collective best interest.   While the Attorneys agree to attempt to be guided by and to

1

accommodate your directions and requests in connection with the conduct of the lawsuit, the Attorneys have explained to you, and you have agreed, that to the extent your directions or requests conflict with the Attorneys' duties under the law to all members of the Class, the Attorneys will act in accordance with their duties to all members of the Class.

**2.3    Other Lawyers and Law Firms.** The Attorneys will represent you in connection with the above claims. The Attorneys may also decide to work with other attorneys or law firms in connection with your claims, including referring claims to other attorneys or law firms and sharing fees with such other attorneys.

**2.4    No Tax or Financial Advice.** The parties agree that this Agreement specifically does not include the Firm rendering tax, financial or investment advice of any kind to you regarding any matter, whether related to this engagement or otherwise.

## 3.    YOUR DUTIES

**3.1    Your Duties as Client.** You agree to cooperate fully with reasonable requests made to you by the Firm.

**3.2    Your Duties as Class Representative.** As a representative of the Class, it is your duty to conduct the case in the best interests of all members of the Class. That is, as a class representative, you owe a fiduciary duty to the Class. You agree to act in this fashion. *See* **Exhibit A** for a general description of your duties and responsibilities as a Class representative.

**3.3    No Special Benefits.** You understand and acknowledge that you will not receive any special benefits or recovery not afforded to other members of the Class by reason of your possible service as class representative with the possible exception set forth in Paragraph 3.4 below.

**3.4    Incentive Awards.** If a recovery is obtained for the Class in any class action or "non-class" private attorney general representative action, you may be eligible for a modest payment to compensate you for your efforts and expenses, if any, incurred in acting as a class representative. This is commonly known as an incentive award and would be payable to you only upon order of the Court or, possibly by agreement of the parties if the action was resolved without a certified class. You acknowledge that an "incentive award" would be discretionary on the part of the Court if Court-ordered and has not been promised to you, does not form the basis for your decision to act as a possible class representative, and that no other benefits or payments have been promised to you.

**3.5    Cooperation in Conduct of the Litigation.** You agree that you will cooperate with the Attorneys in the pursuit of the claims, including discovery and other pretrial proceedings, trial and appeals, if any.

**3.6    Notification of Change of Address.** You shall keep the Attorneys advised of your whereabouts, and shall provide the Attorneys with any changes of address, phone number or business affiliation during the time period in which the Attorneys' services are required.

**3.7     No Outstanding Fees or Liens.** You warrant that you have not retained other service providers, including attorneys, regarding this matter, or, if you have, that the other service providers, including attorneys, have been paid in full, and their retention has been terminated and that no other service providers have a claim for fees, nor a lien on any expected proceeds or recovery in this matter. If a service provider demands payment or has a lien, you agree that you will pay that (those) service provider(s) from your own funds.

## 4.     CONDUCT OF THE LITIGATION

**4.1     Power of Attorney.** The Firm is hereby granted a power of attorney so that it may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as will be reasonably necessary to commence, conduct and conclude this representation. The Firm is authorized and empowered to act as your negotiator in any and all settlement negotiations.

**4.2     The Firm Has Not Warranted or Guaranteed the Outcome of the Claims.** It is understood and agreed that: (a) the Firm cannot warrant or guarantee the outcome of the demand(s), claim(s) and/or case; (b) has not represented to you that you will recover all or any of the funds or compensation desired; and (c) obtaining a judgment does not guarantee that the opposing party will be able or willing to satisfy the judgment.

**4.3     Settlement.** If a class action is filed, the Attorneys and the Court would have certain duties to the Class members. Therefore, if such a class action lawsuit is settled, the Attorneys must present the settlement to the Court for approval, giving notice of the settlement and an opportunity to object to all members of the Class. The Court would then conduct a hearing to determine whether the proposed settlement is fair, reasonable and adequate to the members of the Class.

## 5.     FIRM'S FEES AND EXPENSES

**5.1     Attorneys' Fees to Be Contingent (Class Action).** You and the Firm have agreed that payment of the Firm's fees will be contingent upon the outcome of the demand, claim, action, proceeding or lawsuit. This means that the Firm agrees that it will receive such fee for its services only if it is successful assisting in obtaining a recovery for you, those similarly situated and/or the putative Class.

**5.2     Amount of Attorneys' Fees (Class Action).** You agree that Attorneys are entitled to receive the greater of either thirty-five (35%) of any and all recovery by those similarly situated, the general public, Client and/or the putative Class, whether by settlement or resolution of demands, claims and/or litigation, or a court-determined reasonable amount. If this matter proceeds as a class action, as with settlement (*see* paragraph 4.3), the **Court must approve Attorneys' fees**. Therefore, the Attorneys would ask the Court to award Attorneys' of up to thirty-five percent (35%) (after notice to the Class and a hearing), and you agree to support this request. The Court would award Attorneys' fees in an amount that it deems appropriate to compensate the Attorneys for their efforts on behalf of you, the consumers/public, and the members of the Class, if so filed or amended. In the event of a class action or a private attorney general (non-class class) action, Attorneys' fees would be payable from one or both of two sources: (a) out of or based upon

the net recovery obtained for you and any other client(s) and the members of any group or putative Class covered under such demand(s), claim(s), or litigation, and the members of the Class by judgment or settlement; or (b) by Defendants per their agreement or under applicable law.

**5.3    Meaning of "Recovery."**  The term "Recovery" is meant to include all value of property, services, money, grant(s) or other benefits, including but not limited to common law damages, statutory damages (including any award of double or treble damages), injunctive relief, changes in practice, equitable relief, restitution, exemplary or punitive damages, additional damages, fees, interest, expenses and court costs.

**5.4    Costs and Expenses.**  The Firm will advance the costs and expenses of the litigation.  **If there is no recovery, you are not obligated to reimburse the Firm for these costs and expenses.**  If there is a recovery, in addition to legal fees, the Firm will be entitled to reimbursement for costs and expenses in connection with the investigation, institution and prosecution of the claim(s).  These costs and expenses may include, for example, postage, court filing fees, service fees, expert and consultant fees, deposition costs, fees for court reporting and transcripts, costs of mediation, arbitration or other forms of alternative dispute resolution, discovery or other special masters, exhibit preparation fees, photographs, photocopy and document reproduction costs, cost of briefs and transcripts on appeal, courier services, travel and lodging expenses, and other incidental expenses.

**5.5    Possible Individual Case.**  If class certification is sought, but the action is not certified as a class and/or you are not appointed as a class representative, then Attorneys will confer with you to evaluate whether your case should proceed solely on an individual basis.  Attorneys may also confer with you to evaluate whether your case should proceed solely on an individual basis at any other time.  If Attorneys determine that they may represent you in an individual capacity, then the following terms shall apply:

- Client is responsible for costs.

- Amount of Attorneys Fees to be Contingent on recovery: you agree that Attorneys are entitled to receive their fees only if there is a recovery obtained for the Client (whether by settlement or resolution of demands, claims and/or litigation) or a court-determined reasonable amount.  The contingency fee is 35% of any and all recovery.

# 6.    LOCAL COUNSEL

**6.1**    Should local counsel be required by the court in which any action is filed, You agree to retain local counsel.  A retainer agreement will be entered into by you and local counsel at that time.  The retention of local counsel shall not increase your fees.

# 7.    MISCELLANEOUS

**7.1    Florida Law to Apply; Jurisdiction.**  This Agreement and any dispute between Client and Firm will be construed under and in accordance with the laws of the State of Florida.  Any and all claims or dispute between Client and Firm must be brought before federal or state courts within the City of Miami, Florida.

4

**7.2     Three Day Right to Cancel.** This Agreement may be canceled by written notification to the Firm at any time within three business days of the date of the Agreement, as shown below, and if canceled, you will not be obligated to pay any fees to the Firm for the work performed during that time, but if the Firm has advanced funds during the representation, the Firm is entitled to be reimbursed for all amounts it reasonably advanced on behalf of you.

**7.3     Right of the Firm to Withdraw.** The Firm may, at its option, without cause, withdraw from any representation provided for under this Agreement.

**7.4     Discharge of the Firm.** In the event that you terminate the Firm for any reason after three (3) business days, you agree to pay all the Firm's costs, plus a reasonable fee for its services, equal to the contingent percentage described in the provisions above as applied to any outstanding offer of settlement, verdict or award. You also grant to Firm a lien on your causes of action, settlement or recovery regarding any clam or claims for fees and costs due the Firm.

**7.5     Parties Bound.** This Agreement will be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns where permitted by this Agreement.

**7.6     Execution.** This document may be executed in counterpart and via facsimile.

**7.7     Legal Construction.** In case any one or more of the provisions contained in this Agreement will for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability will not affect any other provisions thereof, and this Agreement will be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

**7.8     Prior Agreements Superseded.** This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any possible prior understanding, warranties, representations, negotiations, promises or written or oral agreements, direct or indirect, between the parties respecting the within subject matter.

**7.9     Statement of Client's Rights.** You acknowledge receipt of a copy of the Statement of Client's Rights, attached hereto as **Exhibit B**, before signing this Agreement, and receipt of a copy of this Agreement.

I certify and acknowledge that I have had the opportunity to read this Agreement and that I have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted this 2nd day of November 2020.

**CLIENT**

*[signature]*

Ernst Valery

5603 Roxbury Place

Street Address (mailing address)

Baltimore MD 21209

City, State, Zip

U.S.A

Country

917-757-4389

Phone Number

410-962-5461

Facsimile Number

EValery@SAAEVI.Com

E-mail Address

**ATTORNEYS**

BECK & LEE TRIAL LAWYERS

By: *[signature]*

FOR THE FIRM

Jared H. Beck, Esq.
Elizabeth Lee Beck, Esq.
Beck & Lee Trial Lawyers
12485 SW 137th Avenue, Suite 205
Miami, Florida 33186
Telephone: 305-234-2060
Fax: 786-664-3334
jared@beckandlee.com
elizabeth@beckandlee.com
www.beckandlee.com

6

**Exhibit A**
**Duties of A Class Representative**

1.      A class representative represents the interests of all members of his/her class in litigation.

2.      A class member has claims which are typical of those of the class, and thus involve *common issues* of law or of fact.  As a class representative, your claims against the defendants are *typical* of the class claims against them.

3.      A class representative always considers the interests of the class just as he/she would consider his/her own interests.

4.      A class representative participates actively in the lawsuit, such as by testifying at deposition and trial, answering written interrogatories, and by keeping generally aware of the status and progress of the lawsuit.

5.      A class representative recognizes and accepts that any resolution of a class action lawsuit, such as by settlement or dismissal, is subject to court approval, and must be designed in the best interests of the class as a whole.

6.      A class representative accepts the possibility that, in the event the case is lost, the court may assess a portion of certain of defendants' costs of litigation against the class representatives.

7.      A class representative is not required to be particularly sophisticated or knowledgeable with respect to the legal framework of the lawsuit.  However, he/she should be interested, on a continuous basis, in the progress of the lawsuit, and must make every effort to provide his/her lawyers and the court with all relevant facts of which he/she is aware.

8.      A class representative volunteers to represent many other people with similar claims and damages, because he/she believes that it is important that all benefit from the lawsuit equally, because he/she believes that a class lawsuit will save time, money, and effort, and thus will benefit all parties, and the court, and because he/she believes that the class action is an important tool to assure compliance with the law.

E. Valery (Wells Fargo) Class Action Retainer Agreement
Agreement for Legal Representation
November 2, 2020

**EXHIBIT B**

**STATEMENT OF CLIENT'S RIGHTS
FOR CONTINGENCY FEES**

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1.      There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2.      Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3.      Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4.      Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5.      If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6.      You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer

agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7.       You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for Firm's fees, costs, and expenses to the other side.

8.       You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9.       You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10.       You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11.       If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

_____       __11/2/2020_____
Client                                                              Date

9

E. Valery (Wells Fargo) Class Action Retainer Agreement
Agreement for Legal Representation
November 2, 2020

# Exhibit 2

JARED H. BECK, ESQ.
ELIZABETH LEE BECK, ESQ.
BECK & LEE TRIAL LAWYERS
12485 SW 137TH AVENUE, SUITE 205
MIAMI, FLORIDA 33186
TELEPHONE: 305-234-2060
FAX: 786-664-3334
WWW.BECKANDLEE.COM
**BECKANDLEE.WORDPRESS.COM**

## CONTINGENT FEE AGREEMENT

This agreement ("Agreement") is made between SAA|EVI and St. Luke Apartments, LLC (collectively "you," "your" and/or "Client") and the law firm of Beck & Lee Trial Lawyers ("Attorneys" or the "Firm").

In consideration of the mutual promises contained herein, Client and Attorneys agree as follows:

## 1.    PURPOSE OF REPRESENTATION

**1.1    The Attorneys' Legal Services:**  You agree that the Attorneys may serve as your legal counsel in regard to the **possible claims arising from a legal malpractice/breach of fiduciary matter against McGuireWoods LLP (and any affiliates or co-defendants) (hereafter referred to as the "representation").**

## 2.    THE DUTIES OF THE ATTORNEYS

**2.1    Duties as Your Counsel.**  The Attorneys shall advise the Client and, if appropriate, prepare necessary paperwork, including the complaint, court filings, correspondence, and agreements, and make necessary court appearances on behalf of the Client.

**2.2    No Tax or Financial Advice.**  The parties agree that this Agreement specifically does not include Attorneys rendering tax, financial or investment advice of any kind to you regarding any matter, whether related to this engagement or otherwise.

**2.3    Other Lawyers and Law Firms.**  The Attorneys will represent you in connection with the above claims.  The Attorneys may also decide to work with other attorneys or law firms in connection with your claims, including but not limited to the retention of local counsel.  Any such attorneys' fees by other counsel shall be billed as a cost.

## 3.    YOUR DUTIES

**3.1    Your Duties as a Client.**  You agree to cooperate fully with reasonable requests made to you by Attorneys.



1

SAA|EVI: _____; St. Luke Apts., LLC
Contingency Fee Agreement
October 20, 2021

**3.2    Cooperation in Conduct of the Litigation.**  You agree that you will cooperate with the Attorneys in the pursuit of the claims, including discovery and other pretrial proceedings, trial and appeals, if any.

**3.3    Notification of Change of Address.**  You shall keep the Attorneys advised of your whereabouts, and shall provide the Attorneys with any changes of address, phone number or business affiliation during the time period in which the Attorneys' services are required.

**3.4    No Outstanding Fees or Liens.**  You warrant that you have not retained other service providers, including attorneys, regarding this matter, or, if you have, that the other service providers, including attorneys, have been paid in full, and their retention has been terminated and that no other service providers have a claim for fees, nor a lien on, any expected proceeds or recovery in this matter.  If a service provider demands payment or has a lien, you agree that you shall pay that (those) service provider(s) from your own funds.

## 4.    CONDUCT OF THE LITIGATION

**4.1    Power of Attorney.**  The Attorneys are hereby granted a power of attorney so that they have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to commence, conduct and conclude this representation.  The Attorneys are authorized and empowered to act as your negotiator in any and all settlement negotiations.

**4.2    Attorneys Have Not Warranted or Guaranteed the Outcome of the Demands, Claims and/or Lawsuit(s).**  It is understood and agreed that: (a) the Attorneys cannot warrant or guarantee the outcome of the demand(s), claim(s) and/or case; (b) the Attorneys have not represented to you that you will recover all or any of the funds or compensation desired; and (c) obtaining a judgment does not guarantee that the opposing party will be able or willing to satisfy the judgment.

**4.3    Joint Representation.**  You agree that Attorneys will represent each Client jointly in the lawsuit.  As such, each Client is jointly and severally liable for the duties imposed upon Client in section 3 ("Your Duties").  In the event that one or some Clients withdraw from the lawsuit, the remaining Client(s) will remain liable for such duties.

**4.4    Waiver of Any Conflict of Interest.**  Although the interests of each individual Client in this lawsuit are generally consistent, it is recognized and understood that differences may exist or become evident during the course of our representation.  Notwithstanding these possibilities, each Client has determined that it is in their individual and mutual interests to have a single law firm represent them jointly in connection with the lawsuits.

Accordingly, this confirms the agreement of SAA|EVI and St. Luke Apartments, LLC that the Attorneys may represent them jointly in connection with the lawsuit.  This will also confirm that each Client has agreed to waive any conflict of interest arising out of, and that you will not object to, Attorneys' representation of each of them in the matter described herein.



SAA|EVI: _____; St. Luke Apts., LLC
Contingency Fee Agreement
October 20, 2021

It is further understood and agreed that the Attorneys may freely convey necessary information provided to Attorneys by one Client to any other Client, and that such information will not be confidential as between each Client unless the individual Client expressly agree to the contrary.

## 5.   ATTORNEYS' FEES AND EXPENSES

**5.1   Attorneys Fees to Be Contingent.**  You and the Attorneys have agreed that the payment of Attorneys' fees will be contingent upon the outcome of the demand, claim, action, proceeding or lawsuit.  This means that the Attorneys agree that they will receive a fee for their services only if they are successful assisting in obtaining a recovery for you.

**5.2   Amount of Attorneys' Fees.**  You agree that Attorneys would receive the greater of either a sliding scale percentage of any and all recovery they obtained for the Client (whether by settlement or resolution of demands, claims and/or litigation) or a court-determined reasonable amount.

The percentage sliding scale of any and all recovery by Client is according to the following terms:

- Thirty-three-point-three percent (33.3%) of any and all recovery, if a recovery is obtained in the trial court action, up to and including trial.

- An additional 5% of any recovery after institution of any appellate proceeding is filed or post-judgment relief or action is required for recovery on the judgment.

**Certain claims against governmental entities may have statutory limits on attorney's fees, including but not limited to Fla. Stat. Section 768.28(8).  In all such cases the attorney's fees will be the maximum amount permitted under law or by the courts.  In case of recoveries from the state of Florida (including all subdivisions and agencies), fees under Section 768.28(8) shall be 25%.  Such statutory-based limitation shall not apply to any recovery received from any person or entity distinct from certain governmental agencies, as permitted by law or the courts.**

**5.3   Meaning of "Recovery."**  The term "Recovery" is meant to include all value of property, services, incentives, payment plans, assignments of contract, concessions, waivers of fees or costs, money, grant(s) or other benefits, including but not limited to, forgiveness of debt, received or to be received by Client, and without limitation, settlement for the same, common law damages, statutory damages (including any award of double or treble damages) injunctive relief, changes in practice, equitable relief, restitution, exemplary or punitive damages, additional damages, fees, interest, expenses and court costs.

**5.4   Deleted.**

**5.5   Costs and Expenses.**  The Client is responsible for the costs and expenses of the litigation.  These costs and expenses may include, for example, court filing fees, service fees, expert and consultant fees, accountant fees, expert witness fees, expenses for other testimony

3

including depositions, fees for court reporting and transcripts, expenses for other evidence including witness fees, document depository rental expense, depository personnel costs/salaries, costs of mediation, arbitration or other form of alternative dispute resolution, discovery or other special masters, exhibit preparation fees, photographs, photocopy and document reproduction costs, computerized research, investigators' fees, cost of briefs and transcripts on appeal, if any, and long-distance telephone, facsimile, postage, courier services and travel and lodging expenses and other incidental expenses.  Travel mileage for driving is billed at $0.20 a mile, or prevailing retail gas rates at 25 mpg, whichever is higher.

The Client shall pay a retainer of $2,500 as a costs retainer.  The retainer shall be paid before the Firm undertakes any work on the representation.  The Firm shall bill the Client for all costs.  The Firm's costs shall be paid on a current basis and the retainer shall be held until the conclusion of the representation and refunded to the Client, minus any unpaid fees or costs, at that time.

The Client agrees to pay all of the Firm's invoices for costs incurred within thirty (30) days of receipt of such invoices.  In the event Client objects to or questions any charges, Client shall immediately notify the Firm of such questions or charges and pay all other charges in accordance with this agreement.  All charges objected to or questioned shall be mutually resolved within ten (10) days of Client's notification of same to the Firm.  Any unpaid balance in excess of thirty (30) days will result in an additional charge of one percent (1%) per month on such balance until paid in full.

If any costs are advanced by the Attorneys, said costs will accrue interest at the rate of One Percent (1%) compounded per month, and will be paid out of the Client's share of any recovery made after the reduction for Attorneys' fees as set forth above.

## 6.    MISCELLANEOUS

6.1    **Florida Law to Apply.**  This Agreement and any dispute between Client and Attorneys shall be construed under and in accordance with the laws of the State of Florida.

6.2    **Three Day Right to Cancel.**  This Agreement may be canceled by written notification to the Attorneys at any time within three business days of the date of the Agreement, as shown below, and if canceled, you shall not be obligated to pay any fees to the Attorneys for the work performed during that time.  If the Attorneys have advanced funds during the representation, the Attorneys are entitled to be reimbursed for all amounts as they have reasonably advanced on behalf of you.

6.3    **Right of Attorneys to Withdraw.**  The Attorneys may, at their option, without cause, withdraw from any representation provided for under this Agreement, or may dismiss the case.

6.4    **Discharge of Attorneys.**  In the event that you terminate the Attorneys for any reason after three (3) business days, you agree to pay all Attorneys' costs, plus a reasonable fee for their services, equal to the contingent percentage described in the provisions above as applied to any outstanding offer of settlement, verdict or award; or the amount of time involved at the rate of $350.00 per hour, plus lodestar multipliers as described by the Florida Supreme Court.  You

SAA|EVI:_____; St. Luke Apts., LLC
Contingency Fee Agreement
October 20, 2021

also grant to Attorneys a lien on your causes of action, settlement or recovery regarding any claim or claims for fees and costs due Attorneys.

**6.5     Parties Bound.**  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors, and assigns where permitted by this Agreement.

**6.6     Legal Construction.**  In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

**6.7     Binding Arbitration with Respect to Any Dispute.**  The parties agree that any dispute related to this agreement and/or related to or arising out of the Attorneys' representation of you will be submitted to final and binding arbitration in Miami-Dade County and will be arbitrated under the rules and procedures of the American Arbitration Association.

**NOTICE: This agreement contains provisions requiring arbitration of fee disputes. Before you sign this agreement you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

**6.8     Execution.**  This document may be executed in counterpart and via facsimile.

**6.9     Prior Agreements Superseded.**  This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any possible prior understanding, warranties, representations, negotiations, promises, or written or oral agreements, direct or indirect, between the parties respecting the within subject matter.

**6.10     Attorneys' Fees and Costs.**  In any dispute related to this agreement and/or related to or arising out of the Attorneys' representation, including any alternative dispute resolution proceedings (including arbitration) or litigation, including appellate proceedings, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs.

**6.11     Statement of Client's Rights.**  You, the undersigned client, have, before signing this Agreement, received and read the Statement of Client's Rights, attached hereto as Exhibit A, and understand each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the undersigned attorney(s).

11/17/2021

Signed and accepted this _____ th day of November 2021.

*~signature page follows~*



SAA|EVI:_____; St. Luke Apts., LLC
Contingency Fee Agreement
October 20, 2021

**CLIENT**

SAA|EVI

Ernst Valery

By:

Ernst Valery

Its:

Authorized Owner

Street Address (mailing address)

NA

City, State, Zip

NA

Country

USA

Phone Number

917-757-4389

Facsimile Number

evalery@saaevi.com

E-mail Address(es)

St. Luke Apartments, LLC

Ernst Valery

By:

Ernst Valery

Its:

Authorized Owner

Street Address (mailing address)

NA

City, State, Zip

NA

Country

USA

Phone Number

917-757-4389

Facsimile Number

evalery@saaevi.com

E-mail Address(es)

**ATTORNEYS**
BECK & LEE TRIAL LAWYERS

By:

FOR THE FIRM

Beck & Lee Trial Lawyers
8306 Mills Dr., #248
Miami, FL 33183

305-234-2060 Phone
786-664-3334 Fax
elizabeth@beckandlee.com
www.beckandlee.com

6

## EXHIBIT A

## STATEMENT OF CLIENT'S RIGHTS
## FOR CONTINGENCY FEES

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1.      There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2.      Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3.      Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4.      Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5.      If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6.      You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask

SAA|EVI:＿＿＿＿＿; St. Luke Apts., LLC
Contingency Fee Agreement
October 20, 2021

DocuSign Envelope ID: E8C5814C-6755-4603-9B72-1BE5BD52AC41

reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7.      You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for Firm's fees, costs, and expenses to the other side.

8.      You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9.      You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10.      You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11.      If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

DocuSigned by:

*Ernst Valery*

70DA764E9FAA4CD...

**CLIENT**

Dated: 11/17/2021

8

SAA|EVI: _____ ; St. Luke Apts., LLC
Contingency Fee Agreement
October 20, 2021

# Exhibit 3

# BECK & LEE INVOICE FOR LEGAL SERVICES

INVOICE NUMBER:  2342.04.001          DUE DATE:  AUGUST 31, 2022
INVOICE DATE:  JULY 27, 2022          PAYMENT TERMS:  DUE IN 30 DAYS

FROM:  Beck & Lee Trial Lawyers
       8306 Mills Drive, # 248
       Miami, FL 33183

TO:  Mr. Ernst Valery
     SAA|EVI
     1707 N. Charles St.
     Ste. 200A
     Baltimore, MD 21201

2342.04 EVI v. McGuireWoods

| DATE | PROJECT | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|---------|-------------|-------|------|--------|
| | | SERVICES | | | |
| | | No services for this billing period. | | | |
| | | EXPENSES | | | |
| NOV-16-21 | ADMIN | CJones PR | | | $2,000.00 |
| NOV-16-21 | ADMIN | | | | $150.00 |
| NOV-16-21 | ELB | Maryland Circuit Court Clerk - ELB pro hac vice admission fee | | | $100.00 |
| NOV-16-21 | ADMIN | FedEx to S. Sperling | | | $36.94 |
| NOV-16-21 | JHB | Maryland Circuit Court Clerk - JHB pro hac vice admission fee | | | $100.00 |
| NOV-16-21 | ADMIN | | | | $165.00 |
| APR-01-22 | ADMIN | Fishkind Legal Services retainer | | | $5,000.00 |
| APR-04-22 | ADMIN | KaiserDillon PLLC retainer | | | $15,000.00 |
| APR-04-22 | ELB | Fedex to Fishkind Litigation Services | | | $20.41 |
| JUN-02-22 | ADMIN | Postage | | | $0.73 |
| JUN-03-22 | ADMIN | Postage | | | $1.06 |
| JUN-17-22 | ADMIN | Postage | | | $0.73 |
| JUL-03-22 | ADMIN | Fishkind Litigation Services Invoice 633 | | | $3,950.00 |
| JUL-05-22 | ADMIN | Postage | | | $0.53 |
| JUL-18-22 | ADMIN | Postage | | | $5.72 |
| | | SUMMARY | | | |
| | | Total amount of services | | | $0.00 |
| | | Total amount of expenses | | | $26,531.12 |

INVOICE NUMBER: 2342.04.001

| DATE | PROJECT | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|---------|-------------|-------|------|--------|
|      |         | Total amount of this invoice |  |  | $26,531.12 |

| ACCOUNT INFORMATION | |
|---------------------|-----------|
| Prior account balance | $0.00 |
| Invoice 2342.04.001 JUL-27-2022 | $26,531.12 |
| Current account balance | $26,531.12 |

| TRUST ACCOUNT INFORMATION | |
|---------------------------|-----------|
| Trust Account Replenishment | $2,500.00 |

| MESSAGE |
|---------|
| Thank you for your business! |

AMOUNT DUE: $29,031.12